AO 472 (Rev. 05/05) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT
## Eastern District of Michigan

UNITED STATES OF AMERICA
V.
ALBERT SIMS
*Defendant*

**ORDER OF DETENTION PENDING TRIAL**
Case Number: 11-30374

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

### Part I—Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed - that is
  ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  ☐ an offense for which the maximum sentence is life imprisonment or death.
  ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*
  ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

☐ (1) There is probable cause to believe that the defendant has committed an offense
  ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____.
  ☐ under 18 U.S.C. § 924(c).
☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

☑ (1) There is a serious risk that the defendant will not appear.
☐ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

### Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by ☑ clear and convincing evidence ☐ a preponderance of the evidence that

On February 8, 2011 Defendant was ordered to home confinement for a period of six months, to be monitored electronically by tether, and was ordered to remain at his home continuously, with four specific exceptions which would excuse him from the home premises. On May 11, 2011 Defendant tested positive for cocaine and admitted to his cocaine use, in violation of his conditions of probation. On May 19, 2011 Defendant left his home and thereafter was not heard from by his probation officer. Defendant absconded.
(CONTINUE ON PAGE 2)

### Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

| July 19, 2011 | s/ Mona K. Majzoub |
|---|---|
| Date | Signature of Judge |
| | MONA K. MAJZOUB - UNITED STATES MAGISTRATE JUDGE |
| | Name and Title of Judge |

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

USA V ALBERT SIMS 11-30374                                          PAGE 2

On June 7, 2011 Defendant re-appeared and reported to his probation officer, Mr. Smith. At that time Defendant was advised that he would probably have to face violation charges in West Virginia, which district has retained jurisdiction of this matter. Defendant absconded again, and a warrant was issued from the district of West Virginia. On July 19, 2011 Defendant was arrested on the West Virginia warrant for violation of Supervised Release.

Defendant argues that he was kicked out of the house to which he was originally confined. In fact he still had his tether bracelet on, although it was rendered useless when he left the residence to which he had been ordered to home confinement. He states that for the past two months he has been residing in Warren, Michigan on Fisher Street. Defendant argues for a bond with a tether, stating that he has successfully traveled to West Virginia to make his court appointments in the past and that he will do so if given a bond again.

Defendant changed his place of residence to a home where there was no way of monitoring him, as the second home had no tether monitoring equipment in place. Defendant absconded from supervision, has been violated, and absconded again. He has resorted to using cocaine. He has proven that he is a risk of flight, and there is no condition of bond, or any combination of conditions that would assure his appearance in West Virginia. A hearing has been scheduled in West Virginia for August 12, 2011. Detention is Ordered.